[L. A. No. 4211.   Department One.—April 17, 1918.]

CITIZENS' TRUST AND SAVINGS BANK (a Corporation), as Guardian, etc., Appellant, v. JOHN C. TUFFREE et al., as Executors, etc., Respondents.

TRUST—ACTION TO DECLARE AND ENFORCE—DEED FROM SON TO MOTHER—SUFFICIENCY OF EVIDENCE TO SUSTAIN FINDINGS.—In this action by the guardian of an incompetent to have it declared that a deed executed by him to his mother was intended to create a trust for his benefit, and to enforce such trust, it is held that the evidence sustained the findings against the trust claimed.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

Cates & Robinson, for Appellant.

S. M. Davis, for Respondents.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in defendant's favor in an action to declare and enforce a trust in real property. The original defendant, Carolina B. Pittman, was the mother of one Fred B. Tuffree, of whom the plaintiff is guardian. The evidence presented at the trial disclosed the following facts: The property in question was a part of a large tract which belonged originally to Mrs. Pittman as a part of her separate estate. In the year 1902, while the father of Fred B. Tuffree was still living, his parents

joined in a gift deed of the premises to him, placing the same in escrow, to be delivered upon his mother's death and at the same time placing him in possession of the property and in the enjoyment of its income. In the year 1907, at his request, his mother made and delivered to her said son a deed of gift of the same property. Soon thereafter he became involved in an entangling transaction with some other people, and, being in danger of losing the property, came to his mother for relief. She untangled him from the difficulties in which he was involved at that time. It appears that said Fred B. Tuffree had been for a long time afflicted with periodical attacks of lunacy or incompetency, during which he was incapable of caring for his property and was in danger of giving it away to strangers. In the year 1909, not long after an emergence from one of these spells, he came to his mother and offered to deed back the property to her, and, in fact, and upon his own initiative did so, by a deed of gift. Later he undertook to claim that the deed so made was intended to create a trust, by the terms of which his mother should hold the title to the property during her life for his benefit. This being denied by her, the present action was brought on his behalf by the plaintiff as his guardian to declare and enforce such a trust. Upon the trial of the cause both mother and son testified respecting the facts and the nature of the transaction out of which the alleged trust was claimed to have originated. The trial court found against the plaintiff's contention and in favor of the defendant, holding that no such trust existed.

The only question presented by this appeal relates to the sufficiency of the evidence to sustain the findings and judgment of the trial court in this regard. It is conceded on the part of the appellant that Mrs. Pittman did testify in some portions of her testimony that the deed which her son made to her was intended by him and was taken by her as a deed absolute to the property. The appellant, however, insists that this testimony is in conflict with the testimony given by other witnesses and with the circumstances shown in the case, and that it is also in conflict with other portions of the testimony given by the defendant herself. With relation to these latter alleged inconsistencies in the defendant's own evidence we do not agree with the appellant's view that they are in such conflict as to destroy, or even seriously impair, the sufficiency

and effect of the defendant's direct testimony that no trust was created by her son's deed of gift to her. The statements and conduct of Mrs. Pittman upon which the appellant relies were, we think, entirely consistent with a maternal desire to hold and administer the property in question for her son's benefit and protection as his mother and not as his trustee, and, hence, are not inconsistent with that portion of her testimony in which she expressly denies the existence of the trust relation. The trial court evidently so construed her evidence taken in its entirety, and, resolving all other conflicts in the evidence in her favor, rendered its judgment accordingly. With its discretion so to do, this court will not interfere upon appeal.

Judgment affirmed.

Shaw, J., and Sloss, J., concurred.